IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:20cv496-MHT (WO) |
| MICHAEL WILKS, | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Defendant Michael Wilks was in a motorcycle crash in September 2018, and he thereafter filed an uninsured motorist claim with plaintiff Allstate Property and Casualty Company under the policy of a relative named Ann Slaughter. *See* Complaint (Doc. 1) at 2; Answer and Counterclaim (Doc. 6) at 7. Allstate then filed the current suit against Wilks under the Declaratory Judgments Act, 28 U.S.C. § 2201, seeking a declaration that Wilks "is not entitled to uninsured motorist benefits" under Slaughter's policy. Complaint (Doc. 1)

at 1. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This suit is now before the court on Allstate's motion for summary judgment. Allstate seeks summary judgment on its claim for declaratory relief and on count I of Wilks's counterclaim, in which he seeks "a declaratory judgment that Allstate must defend and indemnify Angela Marie Hammonds for claims asserted against" her by Wilks. Answer and Counterclaim (Doc. 6) at 7. Hammonds was riding a separate motorcycle alongside Wilks at the time of his crash, but she is not a party to this suit.

Wilks filed a six-paragraph response to Allstate's motion, in which he asked Allstate to provide a "signed policy application" related to Slaughter's policy and requested leave to take Slaughter's deposition regarding her intent to provide Wilks coverage under her policy. *See* Response to Motion for Summary Judgment (Doc. 26). He did not address Allstate's

argument for summary judgment on count I of the counterclaim, wherein the company asserted that Wilks had "confus[ed] liability coverage with uninsured motorist coverage in asking that Allstate defend and indemnify Hammonds." Motion for Summary Judgment (Doc. 24) at 13.  Wilks then filed an untimely amended response to the motion for summary judgment, and he later filed--without leave to do so--a sur-reply to Allstate's reply brief regarding the motion.  *See* Amended Response to Plaintiff's Motion for Summary Judgment (Doc. 27); Response to Allstate's Reply (Doc. 29).  Neither of these latter filings meaningfully altered the substance of his response to the motion.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

3

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this initial burden, it then becomes incumbent on the non-moving party to "establish that there is a genuine issue of material fact" regarding the claim on which summary judgment has been sought.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Alternatively, the non-movant may respond by showing that it lacks certain evidence necessary for its opposition, in which case the court may allow that party time to obtain this evidence.  *See* Fed. R. Civ. P. 56(d).

Here, Wilks has failed to respond to Allstate's motion for summary judgment on count I of his counterclaim.  When a party fails to respond to a motion for summary judgment, the court may grant summary judgment "if the motion and supporting materials--including the facts considered

4

undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).  It appears to the court that Wilks's counterclaim does indeed confuse liability coverage with uninsured motorist coverage, and there are no facts suggesting that Allstate provided liability coverage to Wilks or Hammonds.  Allstate's motion for summary judgment will therefore be granted as to count I of the counterclaim.

Wilks has, however, asked to take Slaughter's deposition before responding to Allstate's motion for summary judgment on the company's claim for declaratory judgment.  *See* Response to Motion for Summary Judgment (Doc. 26) at 2.  He may already have had the opportunity to do so since filing his response to the motion, as his response was filed in January 2021 but discovery did not close until May 2021.  *See* Uniform Scheduling Order (Doc. 17) at 3.  If he has not yet deposed Slaughter, he will be granted leave to do so.  In any event, Allstate's motion for summary judgment on

5

the declaratory judgment claim will be denied with leave to renew once Wilks has taken Slaughter's deposition and is able to respond substantively to the motion.

* * *

Accordingly, it is ORDERED that:

(1) Plaintiff Allstate Property and Casualty Company's motion for summary judgment (Doc. 24) is granted as to count I of defendant Michael Wilks's counterclaim (Doc. 6).  That count is dismissed.

(2) Defendant Wilks may take the deposition of Ann Slaughter at any time on or before June 18, 2021.

(3) Plaintiff Allstate Property and Casualty Company's motion for summary judgment (Doc. 24) is denied in all other respects, that is, as to its claim for declaratory judgment, but with leave to renew after the deadline for Slaughter's deposition given above passes.

**(4)** Aside from the exceptions outlined above, the deadlines of the uniform scheduling order (Doc. 17) otherwise remain in effect.

DONE, this the 11th day of June, 2021.

                                         /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**