```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ALLSTATE PROPERTY AND      )
CASUALTY COMPANY,          )
                           )
     Plaintiff,            )
                           )    CIVIL ACTION NO.
     v.                    )      2:20cv496-MHT
                           )          (WO)
MICHAEL WILKS,             )
                           )
     Defendant.            )
```

## OPINION

Defendant Michael Wilks was in a motorcycle crash, and he thereafter filed an uninsured motorist claim with plaintiff Allstate Property and Casualty Company under the policy of a relative named Ann Slaughter. Allstate then filed the current suit against Wilks under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Wilks "is not entitled to uninsured motorist benefits" under Slaughter's policy. Complaint (Doc. 1) at 1. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This cause is now before the court on Allstate's renewed motion for summary judgment.* For the reasons that follow, the motion will be granted.

## I. Summary-Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under Rule 56, the court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

* Wilks previously filed two counterclaims, *see* Def.'s Answer to Compl. (Doc. 6), one of which he agreed to the dismissal of voluntarily, *see* Nov. 18 Judgment (Doc. 21), and one of which the court dismissed on Allstate's original motion for summary judgment, *see Allstate Property & Casualty Co. v. Wilks*, No. 2:20cv496 MHT, 2021 WL 2404340 (M.D. Ala. June 11, 2021).

II.  Background

The facts, viewed in the light most favorable to Wilks, are as follows.

Wilks and a friend crashed into each other while driving motorcycles.  At the time of the crash, Wilks's friend was driving a motorcycle belonging to Wilks, while Wilks was driving a motorcycle belonging to his friend's husband.

Wilks's great aunt, Ann Slaughter, holds an auto insurance policy issued by Allstate.  Wilks made an uninsured motorist claim under the policy stemming from the accident.  The policy provides uninsured motorist coverage to only "insured persons."  Pl.'s Ex. 1 (Doc. 34-1) at 35.  These covered persons include, among others, the "Named Insured," "resident relative[s]," and persons driving "insured auto[s]."  *Id*. at 16-17, 35.

Allstate originally issued the policy to Slaughter in 2007. In 2018, Slaughter purchased a Kia automobile for Wilks to use. She modified her policy to add the Kia as an insured auto, and to add Wilks as a listed driver, but not as a "Named Insured." In a subsequent deposition in this litigation, Slaughter explained that when she modified the policy, she intended it "to cover Mr. Wilks for any motor vehicle whatsoever that he drove." Deposition of Ann Slaughter, Def.'s Ex. A (Doc. 36-2) at 19.

At the time of Wilks's crash, Slaughter was the only "Named Insured" on the policy, and she and Wilks did not reside together.

## III. Discussion

"The general rule is that identity of the insured and liability of the insurer is determined from the terms of the contract." *Armstrong v. Security Ins. Group*, 288 So. 2d 134, 136 (Ala. 1973). "If the policy

4

is not ambiguous, the insurance contract must be enforced as written, and courts should not defeat express provisions in a policy ... by making a new contract for the parties." *Thorn v. Am. States Ins. Co.*, 266 F. Supp. 2d 1346, 1349 (M.D. Ala. 2002) (Thompson, J.).

The terms of Slaughter's policy state that the policy covers only "insured persons." Pl.'s Ex. 1 (Doc. 34-1) at 35. "[I]nsured persons" include only the following: "you and any resident relative," "any person while in ... an insured auto with your permission," and "any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission." *Id.* "[Y]ou" and "your" refer to the policyholder listed as "Named Insured" and the policyholder's resident spouse. *Id.* at 17. A "resident" is "a person who physically resides in your household with the intention to continue residence

5

there." *Id.* And an "insured auto" is "an auto you own which is described on the Policy Declarations," *id.* at 35, or an "auto used by you or a resident relative with the owner's permission but which is not ... owned by you or a resident relative, ... or available or furnished for the regular use of you or a resident relative." *Id.* at 16.

It is undisputed that, at the time of the crash, Wilks was (1) not listed as "Named Insured" on Slaughter's policy, (2) not residing with Slaughter, and (3) not driving an "insured auto"--that is, an automobile that was owned by Slaughter or used by Slaughter or a resident relative with the owner's permission. Therefore, Wilks was not an "insured person" according to the terms of Slaughter's insurance policy.

Wilks argues that, because Allstate has not produced a signed copy of Slaughter's insurance application, and because the policy that Allstate

6

submitted to the court does not contain her signature, there is an issue of material fact as to whether Slaughter accepted the terms of the policy. Allstate has previously explained that it does not have a copy of Slaughter's application because it keeps applications for only seven years, and Slaughter filed hers over 13 years ago. *See* Pl.'s Resp. (Doc. 28) at 1–2. It has also explained that insureds do not sign insurance policies, but only applications, and that there is therefore no signed policy for it to produce. *See id.* at 2. Allstate has, however, produced an affidavit attesting that the policy it filed as an exhibit is, in fact, the policy by which Slaughter agreed to be bound. *See* Pl.s' Ex. 1 (Doc. 34-1) at 2. The policy requests that Slaughter "notify [Allstate] immediately if [she] believe[s] any coverages are not listed or are inaccurately listed." *Id.* at 8. Slaughter received a copy of her revised policy after adding the Kia as an insured auto and Wilks as a listed

driver, but she did not inform Allstate of any problems with her coverage, and instead continued to pay her monthly premiums. If a policy is accepted by the insured, she "is bound thereby." *Auto-Owners Ins. Co. v. Stokes*, 226 So. 2d 320, 545 (Ala. 1969). Given that Wilks has produced no evidence that Slaughter did not accept the policy, the court concludes that there is no issue of material fact as to whether she did so.

Wilks also argues that Slaughter's intention to provide coverage for Wilks no matter what vehicle he drove renders the scope of the policy ambiguous, and thereby raises an issue of material fact concerning his coverage. As stated above, if the insured accepts a policy, she bound by it; this is so "even though the terms do not correspond to what [she] 'thought' or 'assumed' the coverages would be." *Auto-Owners Ins. Co. v. Stokes*, 226 So. 2d 320, 545 (Ala. 1969); *see also Tate v. Allstate Ins. Co.*, 692 So. 2d 822, 824 (Ala. 1997) ("A policy is not made ambiguous by the

fact that the parties interpret the policy differently."). Here, Slaughter accepted the terms of the policy, which make clear that Wilks was not an "insured person." Slaughter's intention to provide coverage for Wilks is therefore irrelevant.

Finally, Wilks argues that Allstate is not entitled to rescind Slaughter's policy under Code of Alabama § 27-14-7(a), which allows insurers to rescind policies entered into on the basis of material misrepresentations. This argument seems to be premised on the notion that Slaughter contracted with Allstate to provide coverage for Wilks no matter what vehicle he drove, and that Allstate is now seeking to rescind that contract. But while Slaughter might have intended to enter such a contract with Allstate, the contract that she ultimately accepted did not cover Wilks while he was driving his friend's motorcycle. There is thus no contract covering Wilks for Allstate to rescind.

9

Because Wilks was not an "insured person" according to the terms of Slaughter's policy, he is not covered by the policy, and Allstate is entitled to summary judgment.

\* \* \*

An appropriate judgment will be entered.

DONE, this the 28th day of September, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE